IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN LUNDY § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-1855-K |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Kevin Lundy, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1992, petitioner was convicted of aggravated sexual assault of a child and sentenced to 50 years confinement.  His conviction and sentence were affirmed on direct appeal.  *Lundy v. State*, No. 05-92-01008-CR, 1993 WL 220342 (Tex. App.--Dallas, Jun. 24, 1993, no pet.).  Petitioner also challenged his conviction on collateral review in state and federal court.  His first state writ was denied without written order.  *Ex parte Lundy*, No. WR-34,861-01 (Tex. Crim. App. Oct. 8, 1997). Two other state writs were dismissed as successive.  *Ex parte Lundy*, No. WR-34,861-02 (Tex. Crim. App. Feb. 2, 2000); *Ex parte Lundy*, No. WR-34,861-03 (Tex. Crim. App. Sept. 20, 2006). A prior federal writ was dismissed on limitations grounds.  *Lundy v. Johnson*, No. 3-00-CV-0429-G (N.D. Tex. Jun. 5, 2000), *rec. adopted by* Order, 7/5/00.

Petitioner now seeks federal habeas relief for a second time. In multiple grounds for relief, petitioner contends that: (1) he is actually innocent of the crime and the charge alleged in the indictment; (2) he was denied due process on state collateral review; and (3) he received ineffective assistance of counsel. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 13, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE